3:12 gp 4 (mrk)

BELLO, LAPINE & CASSONE, L.L.P. • ATTORNEYS AT LAW
600 SUMMER STREET • STAMFORD, CT 06901 • (203) 348-4244 • JURIS NO. 20763

SUPERIOR COURT
STAMFORD - NORWALK
JUDICIAL DISTRICT

2011 NOV 15 P 3: 07

United States District Court
District of Connecticut
FILED AT    NEW HAVEN

Roberta D. Tabora, Clerk

By_____
Deputy Clerk

2  3  2012

D.N. FST-CV11-600886-S            :

DISCIPLINARY COUNSEL            :        SUPERIOR COURT

V.                              :        JUDICIAL DISTRICT OF STAMFORD

PETER SHAFRAN                   :        NOVEMBER 15, 2011

### ACCEPTANCE OF RESIGNATION AND WAIVER AND APPOINTMENT OF TRUSTEE

After hearing had, and in accordance with Practice Book §2-52, I hereby find that Peter

Shafran, Respondent, juris number 102551, has knowingly and voluntarily resigned from the bar of the

State of Connecticut and has knowingly and voluntarily waived the privilege of applying for readmission

to the bar for ten years. I hereby accept the resignation and waiver, effective ~~this date,~~

Dec 16, 2011. Respondent Shall not accept any

new clients as of This Date, 11/15/11.

I hereby ORDER, the attorney Laura Della Jacono, of

Stanford, CT (juris number 401182) is hereby appointed as trustee pursuant to

Practice Book Section §2-64 to take such steps as necessary to protect the interests of Respondent's

clients; to inventory Respondent's files, to secure Respondent's client funds account, and to take such

action as necessary to protect the interests of the Court and to provide a statement to the Court within 120

days of appointment.



SUPERIOR COURT
STAMFORD/NORWALK

NOV 1  2011

CERTIFIED COPY
SEAL AFFIXED
BY _____ TAC
CLERK

1

Dated at Stamford, Connecticut this ___15th___ day of November 2011.

By The Court,

JUDGE   Mintz, J.

BELLO, LAPINE & CASSONE, L.L.P. • ATTORNEYS AT LAW
600 SUMMER STREET • STAMFORD, CT 06901 • (203) 348-4244 • JURIS NO. 20763

2

HHD CV 11-                                  :          CASE TYPE M63

DISCIPLINARY COUNSEL                        :          SUPERIOR COURT

Vs.                                         :          J.D. STAMFORD/NORWALK
                                                       AT STAMFORD

PETER W. SHAFRAN                            :          March 29, 2011

## PRESENTMENT OF ATTORNEY

 To the Superior Court within and for the Judicial District of Stamford/Norwalk,

now in session, comes now the Disciplinary Counsel, duly authorized and appointed

pursuant to Practice Book Section 2-34A and makes presentment to said Court that

Peter W. Shafran of Stamford, Connecticut, has been guilty of misconduct, involving his

character, integrity, and professional standing and conduct and complains and says:

COUNT ONE

1. Peter W. Shafran , Juris # 102551 (hereinafter "the Respondent") is an attorney

 duly admitted to the bar of the State of Connecticut and has been so since

 November 1, 1984 and has the following disciplinary history:

  89-0251, Reprimand 6/21/1990
  89-0857, Reprimand 4/18/1991
  90-0932, Reprimand 8/20/1992
  93-0320, Reprimand 8/18/1994
  94-0109, Reprimand 6/15/1995
  94-0127, Reprimand 6/15/1995
  94-0174, Reprimand 6/15/1995
  05-0885, Conditions 7/17/2006
  05-0919, Reprimand 4/13/06
  06-0484, Presentment 4/19/2007

2. Statewide bar Counsel Michael Bowler filed a Grievance complaint against the Respondent dated March 18, 2010, Complaint No. 10-0251.

3. Respondent had engaged in a series of transactions from February 2008 to October 2009, involving his Chase Bank IOLTA account which were designated as loans to the Respondent's operating account.

4. The loans in the aggregate amount of $197,200.00 were later reimbursed to the Respondent's IOLTA account by the Respondent.

5. Respondent also caused an overdraft on the Chase Bank IOLTA account on or about October 15, 2009 in the amount of $10,743.59, check no. 8706.

6. On July 21, 2010, the Grievance Panel for the Judicial District of Stamford/ Norwalk determined that there was probable cause to believe that Respondent violated Rule 1.15 (b) and Practice Book §2-27(a) and (b).

7. A hearing was scheduled before the Reviewing Committee of the Statewide Grievance Committee on November 12, 2010 wherein Respondent and Disciplinary Counsel filed a proposed agreement to bi pass the grievance proceeding directly to the Superior Court.

8. On February 17, 2011, the Reviewing Committee of the Statewide Grievance Committee approved the bi pass agreement.

COUNT TWO

1. Respondent has been disciplined at least three times in the past five years from the date of the underlying Grievance Complaint. (See attached Exhibit A - Grievance Decisions).

2. Even if the Court does not find that the instant Grievance Complaint dos not necessitate discipline, Pursuant to Practice Book §2-47(d)(1), the Court may take into consideration the misconduct in the instant grievance complaint as well as the cumulative discipline issued concerning the Respondent within such five year period in making a determination of discipline under this Count.

WHEREFORE, the Petitioner Disciplinary Counsel prays that such proceedings may be had on this complaint as is provided by law and the rules of the Court, that an appropriate order of discipline be issued against him including an order that costs and expenses be taxed against the Respondent.

Dated at Hartford, Connecticut this 29th day of March, 2011.

THE PETITIONER
OFFICE OF DISCIPLINARY COUNSEL

By: _____

Suzanne B. Sutton
Office of Chief Disciplinary Counsel
Juris No. 422382
100 Washington Street
Hartford, Connecticut 0610
phone (860) 756-5058
Fax     (860) 706-5063

Please enter the appearance of the
Office of Chief Disciplinary Counsel for
Applicant in the above-entitled action.

Suzanne B. Sutton
Office of Chief Disciplinary Counsel
Juris No. 422382
100 Washington Street
Hartford, Connecticut 0610
Phone (860) 706-5058
Fax     (860) 706-5063

# EXHIBIT A

## STATEWIDE GRIEVANCE COMMITTEE

Charles Stanley, Complainant vs. Peter W. Shafran, Respondent

Grievance Complaint #06-0484

## DECISION

Pursuant to Practice Book §2-35, the undersigned, duly appointed reviewing committee of the Statewide Grievance Committee, conducted a hearing at the Superior Court, One Court Street, Middletown, Connecticut on December 14, 2006. The hearing addressed the record of the complaint filed on May 25, 2006, and the probable cause determination filed by the Stamford/Norwalk Judicial District Grievance Panel on May 25, 2006 finding that there existed probable cause that the Respondent violated Rules 1.15 (a) and (b) and 8.4(3) and (4) of the Rules of Professional Conduct.

Notice of the hearing was mailed to the Complainant, to the Respondent and to the Office of the Chief Disciplinary Counsel on October 24, 2006. Pursuant to Practice Book §2-35(d), Assistant Disciplinary Counsel Jeffrey Donahue pursued the matter before this reviewing committee, assisted by legal intern Laura Rogers and Professor Barbara Cantrell of the Yale Law School's Lawyering Ethics Project. The Complainant and the Respondent appeared at the hearing and testified.

This reviewing committee finds the following facts by clear and convincing evidence:

The Respondent represented Peter Anderson, Sr., his wife, Doris Anderson, and his son Peter Anderson, Jr. in a personal injury matter brought as a result of an automobile accident that occurred on July 31, 1994. The Andersons were injured in the motor vehicle accident and required extensive medical treatment. The Andersons were insured under the State of Connecticut's health plan. Nexclaim Technologies, Inc. (hereinafter referred to as "Nexclaim") was the plan administrator for the State of Connecticut's insurance program. The Anderson's claims were submitted to and paid by Nexclaim. The amount paid by the insurer on behalf of the Anderson's exceeded $72,000. In June of 1999, the civil action was settled for $72,500. The Respondent escrowed $16,302 from the settlement proceeds to cover unreimbursed medical expenses.

On July 7, 2000, Nexclaim filed a lawsuit against the Anderson's and the Respondent for the unreimbursed medical expenses. The Andersons filed a cross-claim against the Respondent for legal malpractice. On or about October 21, 2001, Nexclaim withdrew its action as to the Andersons and compromised the Anderson's debt in the amount of $16,302, the amount that had been escrowed from the settlement proceeds. On or about February 13, 2002, the Respondent disbursed the funds held in escrow to Nexclaim. On September 25, 2002, a default judgment entered in favor of the Andersons on their cross-claim against the Respondent in the amount of $17,203.88 plus costs.

The Andersons assigned the judgment debt against the Respondent to Creditors Specialty Services, Inc. who proceeded to attempt to collect the debt from the Respondent. The Complainant was a manager for Creditors Specialty Services. The Respondent's debt had grown to $24,569.44 at the time the instant grievance complaint was filed. At the time of the hearing on this complaint, the Respondent had not paid the debt to either the Andersons or Creditors Specialty Services.

The Respondent has been reprimanded by a reviewing committee of the Statewide Grievance Committee on eight occasions and has been ordered by a reviewing committee of the Statewide Grievance Committee to pay restitution once due to his misconduct.

This reviewing committee also considered the following:

The Respondent claimed that the Complainant lacked standing to file a grievance complaint. The Respondent further argued that the complaint should have been screened pursuant to Practice Book § 2-32(a)(2)(H) because it merely alleged non-payment of indebtedness.

The Respondent claimed that he was unable to pay the judgment because he had a judgment enter against him in excess of one million dollars in the matter of *Jestcor Contracting, Inc. v Shafran*, Supreme Court of New York, Index No. 17417/03 (2005). The Respondent testified he had not paid any money toward the *Jestor* judgment.

This reviewing committee finds the following violations of the Rules of Professional Conduct by clear and convincing evidence:

This reviewing committee concludes that a judgment entered against the Respondent, that the Respondent has failed to honor that judgment and that the Respondent has not proven his inability to pay that judgment. Accordingly, this reviewing committee concludes that the Respondent violated Rule 8.4(4) of the Rules of Professional Conduct.

This reviewing committee finds no evidence that the Respondent's conduct involved dishonesty, fraud, deceit or misrepresentation and, as such, finds that he did not violate Rule 8.4(3) of the Rules of Professional Conduct. In addition, the record does not support a finding that the Respondent failed to disburse the escrowed funds promptly to Nexclaim nor does the record support the finding that the Respondent failed to safeguard the escrowed funds while he held them. As such, we do not conclude that the Respondent violated Rules 1.15(a) or (b) of the Rules of Professional Conduct.

Ordinarily this reviewing committee would reprimand the Respondent for violating Rule 8.4(4) of the Rules of Professional Conduct. However, this reviewing committee weighed heavily the Respondent's extensive grievance history consisting of eight reprimands and one instance where conditions were imposed for ethical misconduct. It is clear that the imposition of a reprimand in this instance would do little or nothing to cure the Respondent's recidivism since eight prior reprimands have done nothing to change this pattern of misconduct. For the foregoing reasons this reviewing committee directs the Office of the Chief Disciplinary Counsel to file a presentment against the Respondent in the Superior Court for the imposition of whatever discipline the court deems appropriate.

DECISION DATE: ___2/9/07____

_____
Attorney Jorene Couture

_____
Attorney Howard Gould

_____
Mr. Peter M. Jenkins



**STATE OF CONNECTICUT**
**JUDICIAL BRANCH**

## STATEWIDE GRIEVANCE COMMITTEE
Michael P. Bowler, *Statewide Bar Counsel*

*287 Main Street*
*Second Floor – Suite Two*
*East Hartford, CT 06118-1885*
*(860) 568-5157 Fax (860) 568-4953*
*Judicial Branch Website: www.jud.ct.gov*

Attorney Mark A. Dubois
Chief Disciplinary Counsel
Office of Chief Disciplinary Counsel
100 Washington Street
Hartford, CT 06106

Attorney Peter W. Shafran
Law Office of Peter W. Shafran
733 Summer Street – Suite 203
Stamford, CT 06901

RE:   Grievance Complaint #05-0919, Jared R. Knapp v. Peter W. Shafran

Dear Chief Disciplinary Counsel and Respondent:

Pursuant to Practice Book §2-82(b), the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, has reviewed the *Conditional Admission and Agreement as to Discipline* (hereinafter "*Conditional Admission*") filed March 1, 2006 and submitted for approval in the above referenced matter. After careful consideration of the *Conditional Admission*, the *Affidavit* of the Respondent submitted pursuant to Practice Book §2-82(c) and the entire record of the complaint, and after conducting a hearing pursuant to Practice Book §2-82(b) on March 1, 2006 the undersigned hereby APPROVE the *Conditional Admission*, a copy of which is attached hereto together with the *Affidavit* of the Respondent. Accordingly, the disposition agreed to by the Chief Disciplinary Counsel and the Respondent in the above referenced matter and set forth in the *Conditional Admission* is hereby made an order of this reviewing committee. The Respondent is reprimanded and ordered to pay restitution to the Complainant in the amount of $701.56.

Reviewing Committee member Mr. William J. Carroll was not available for the March 1, 2006 hearing. The Chief Disciplinary Counsel and the Respondent waived the participation of Mr. Carroll in the consideration and decision of the *Conditional Admission*. Accordingly, the matter was considered and decided by the undersigned.

So ordered.

cc:   Mr. Jared R. Knapp
      Attorney Stephen J. Conover

**DECISION DATE:**   4/13/06

(4)
(jf)

Grievance Complaint #05-0919
Decision
Page 2

Attorney Noble F. Allen

Grievance Complaint #05-0919
Decision
Page 3

Attorney Howard M. Gould

**STATEWIDE GRIEVANCE COMMITTEE**

GRIEVANCE COMPLAINT NO. 05-0919

JARED R. KNAPP
Complainant

v.

PETER W. SHAFRAN
Respondent

<u>**CONDITIONAL ADMISSION AND AGREEMENT AS TO DISCIPLINE**</u>

Pursuant to Practice Book § 2-82, the undersigned Respondent and Disciplinary Counsel stipulate and agree as follows:

1. This matter was instituted by grievance complaint filed by the Complainant on October 4, 2005.

2. On January 6, 2006, the Stamford/Norwalk Judicial District Grievance Panel found probable cause that the Respondent violated the following Connecticut Rules of Professional Conduct in the course of representing Mr. Knapp and their mutual client:
   - Rule 1.3 (Diligence): Failing to diligently represent the Complainant's client.
   - Rule 1.4 (Communication): Failing to respond to Complainant's telephone calls and letters, and failing to keep the client reasonably informed of his work.
   - Rule 1.16 (Terminating Representation): Failing to cooperate with client once representation was ended and failing to return retainer.
   - Rule 3.2 (Expediting Litigation): Failing to pursue the client's claim.
   - Rule 8.4(3) (Misconduct involving Misrepresentation): Misrepresentations by Respondent's staff.
   - Rule 8.4(4) (Misconduct prejudicial to the administration of justice): Failure to file lawsuit.

   In addition, the Panel found that Attorney Shafran violated Practice Book § 2-32(a)(1) by failing to respond to the grievance complaint.

3. The Respondent has tendered a conditional admission of fact in accordance with his affidavit attached hereto, admitting that he violated the Rules of Professional Conduct with respect to Rules 1.3, 1.4, 1.16, 3.2, 8.4(3), and 8.4(4).

Office of the Chief Disciplinary Counsel<br>
100 Washington St.<br>
Hartford, CT 06106<br>
Tel: 860-706-5055 Fax: 860-706-5063

4.  This grievance arose as the result of the Respondent's having agreed in December 2004 to represent for the Complainant a mutual client in the collection of an unpaid debt owed by a debtor in Connecticut.

5.  In December 2004, Respondent accepted from Complainant Respondent's requested retainer of $701.56 and underlying documents related to the debt collection. Respondent did not pursue the client's claim and then failed to respond to Complainant's inquiries about the status of Respondent's work.

6.  On August 31, 2005, Respondent's staff informed Complainant that a lawsuit was pending for their mutual client. On September 23, 2005, Complainant's independent research revealed no such lawsuit had been started. That same day, Complainant demanded return of his documentation and retainer fee but has not received them back from Respondent.

7.  The Respondent violated Rule 1.3. (Diligence) in failing diligently to represent the Complainant's client.

8.  The Respondent violated Rule 1.4 (Communication) in failing to return the Complainant's phone calls, respond to letters, or otherwise contact him to advise him as to the status of his case.

9.  The Respondent violated Rule 1.16(d) (Terminating Representation) by failing to cooperate with the Complainant once representation was ended, including failing to return the Complainant's documents or the unearned portion of the retainer.

10. The Respondent violated Rule 3.2 (Expediting Litigation) by failing to make reasonable efforts to expedite litigation consistent with the interests of the client in the debt-collection effort.

11. The Respondent violated Rule 8.1(2) by failing to respond to the grievance complaint.

12. The Respondent violated Rule 8.4(3) when his staff made false representations that a lawsuit had been filed in Connecticut Superior Court.

13. The Respondent violated Rule 8.4(4) when he failed to file a lawsuit on the client's behalf, an omission constituting conduct prejudicial to the administration of justice.

14. The Respondent has been admitted to practice in Connecticut since November 1984.

Office of the Chief Disciplinary Counsel
100 Washington St.
Hartford, CT  06106
Tel: 860-706-5055 Fax: 860-706-5063

15. Disciplinary Counsel has agreed to recommend that Attorney Shafran be reprimanded by the Statewide Grievance Committee and ordered to pay restitution to the Complainant in the amount of $701.56.

16. The Complainant has been advised of this Conditional Admission and Affidavit, and will be afforded an opportunity to be heard on the issue of discipline before the court.

WHEREFORE, this matter is submitted to the court for the imposition of appropriate discipline in accordance with Practice Book § 2-82 (a).

Office of Disciplinary Counsel

3/1/12

Date

By: _____
Mark Dubois
Chief Disciplinary Counsel

By:   Respondent

3/1/12

Date

Attorney Peter W. Shafran

Office of the Chief Disciplinary Counsel
100 Washington St.
Hartford, CT  06106
Tel: 860-706-5055 Fax: 860-706-5063

## AFFIDAVIT OF RESPONDENT

STATE OF CONNECTICUT)

                  ss.

COUNTY OF FAIRFIELD   )

     I am over the age of 18 and believe in the obligation of an oath. Pursuant to Practice Book §2-82, I make the following affidavit:

1. The Conditional Admission and agreement as to Discipline attached hereto and made a part hereof are voluntarily submitted.

2. I herein consent to the submission of this matter to the Superior Court for the imposition of discipline pursuant to Connecticut Practice Book §2-82(a).

3. I am aware that I have a right to a full hearing on this matter with the assistance of an attorney and I waive that right by entering into this agreement.

4. I have been neither subject to coercion nor duress and I am fully aware of the implications of this Affidavit and Conditional Admission and Agreement as to Discipline.

5. I am aware of the current proceeding regarding my violation of Rules of Professional Conduct 1.3 (Diligence), 1.4 (Communication), 1.16 (Termination of Representation), 3.2 (Expediting Litigation), and 8.4 (Misconduct involving misrepresentation and misconduct prejudicial to the administration of justice) as they specifically relate to my representation of Mr. Knapp and his client.

6. I agree that I violated Rule 1.3 (Diligence) in that I failed diligently to pursue the debt collection on behalf of Mr. Knapp's client.

7. I agree that I violated Rule 1.4 (Communication) in that I failed to return Mr. Knapp's phone calls and letters, or otherwise contact him regarding the status of his case.

8. I agree that I violated Rule 1.16 (Termination of Representation) in that I failed to return Mr. Knapp's documents or the unearned portion of the $701.56 retainer.

9. I agree that I violated Rules 3.1, 3.2, and 8.4(4) in that I failed to file a lawsuit

in the debt collection matter on behalf of Mr. Knapp's client.

10.    I agree that I violated rule 8.4(3) in that my staff misrepresented the status of my work and the existence of a lawsuit to Mr. Knapp.

11.    I agree and understand that the Disciplinary Counsel is recommending that I be reprimanded by the Statewide Grievance Committee and that I return to Mr. Knapp the $701.56 in fees he paid to me.

ATTORNEY PETER W. SHAFRAN

Subscribed and sworn to before me

this _1_ day of March, 2006.

Notary Public
Commissioner of the Superior Court

Office of the Chief Disciplinary Counsel
100 Washington St.
Hartford, CT  06106
Tel: 860-706-5055 Fax: 860-706-5063



**STATE OF CONNECTICUT
JUDICIAL BRANCH**

STATEWIDE GRIEVANCE COMMITTEE
Michael P. Bowler, *Statewide Bar Counsel*

*287 Main Street*
*Second Floor – Suite Two*
*East Hartford, CT 06118-1885*
*(860) 568-5157 Fax (860) 568-4953*
*Judicial Branch Website: www.jud.state.ct.gov*

Attorney Mark A. Dubois
Chief Disciplinary Counsel
Office of the Chief Disciplinary Counsel
100 Washington Street
Hartford, CT 06106

Attorney Peter W. Shafran
Law Offices of Peter W. Shafran
733 Summer Street – Suite 203
Stamford, CT 06901

RE:   Grievance Complaint #05-0885, Hall v. Shafran

Dear Chief Disciplinary Counsel and Respondent:

Pursuant to Practice Book §2-82(b), the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, has reviewed the *Conditional Admission and Agreement as to Discipline* (hereinafter "Conditional Admission") filed May 4, 2006 and submitted for approval in the above referenced matter. After careful consideration of the *Conditional Admission,* the Affidavit of the Respondent submitted pursuant to Practice Book §2-82(c) and the entire record, and after conducting a hearing a pursuant to Practice Book §2-82(b) on June 7, 2006, the undersigned hereby APPROVE the *Conditional Admission,* a copy of which is attached hereto together with the *Affidavit* of the Respondent. Accordingly, the disposition agreed to by the Chief Disciplinary Counsel and the Respondent in the above referenced matter and set forth in the *Conditional Admission* is hereby made an order of this reviewing committee. The Respondent is ordered to pay restitution to the Complainant in the amount of $7,500.

So ordered.

(4)
(jf)
cc:   Mr. Keith Hall
      Attorney Stephen J. Conover

DECISION DATE:   ᢖ·Ɩ᠇·Ơᑌ

Grievance Complaint #05-_385
Decision
Page 2

Attorney Noble F. Allen

Grievance Complaint #05-⌐⌐85
Decision
Page 3

Attorney Howard M. Gould

Grievance Complaint #05-..85
Decision
Page 4

Mr. William J. Carroll

## STATEWIDE GRIEVANCE COMMITTEE

### GRIEVANCE COMPLAINT NO. 05-0885

KEITH HALL
    Complainant

v.

PETER W. SHAFRAN
    Respondent

### CONDITIONAL ADMISSION AND AGREEMENT AS TO DISPOSITION

Pursuant to Practice Book § 2-82, the undersigned Respondent and Disciplinary Counsel stipulate and agree as follows:

1.    This matter was instituted by grievance complaint filed by Keith Hall on September 16, 2005.

2.    On January 6, 2006, the Stamford/Norwalk Judicial District Grievance Panel found probable cause that Attorney Shafran violated the following Connecticut Rules of Professional Conduct in the course of representing Mr. Hall, his client:

- Rule 1.3 (Diligence): Failing to diligently represent Keith Hall while handling the probate of the Mr. Hall's deceased wife.
- Rule 1.4 (Communication): Failing to respond to Mr. Hall's telephone calls and letters, and failing to keep the client reasonably informed of the events regarding the probate of the estate.
- Rule 1.15 (Safekeeping Property): Conflating the payment of creditors' claims, his own attorney's fees, and the sale of the estate's house, and accepting and withholding a payment received on behalf of the estate after representation had been terminated by Mr. Hall.
- Rule 1.16 (Terminating Representation): Failing to cooperate with client once representation was ended and failing to turn over estate funds received after representation had terminated.

In addition, the Panel found that Attorney Shafran violated Practice Book § 2-32(a)(1) by failing to respond to the grievance complaint.

Office of the Chief Disciplinary Counsel
100 Washington St.
Hartford, CT 06106
Tel: 860-706-5055 Fax: 860-706-5063

3.   Attorney Shafran has tendered a conditional admission of fact in accordance with his affidavit attached hereto, admitting that he violated the Rules of Professional Conduct with respect to Rule 1.4.

4.   This grievance arose as the result of Attorney Shafran's having agreed to handle a probate for the Complainant, Mr. Hall, after the death of his wife, Carol Hall.

5.   Attorney Shafran and Disciplinary Counsel agree that Disciplinary Counsel would be able to present evidence that Attorney Shafran did not adequately communicate with Mr. Hall during the time period in which Attorney Shafran was handling the probate of Carol Hall's estate. More particularly, Attorney Shafran did not keep Mr. Hall apprised of the status of the probate matter, did not timely return phone calls to Mr. Hall, and did not provide Mr. Hall with sufficient information about ongoing activities in the probate court so that Mr. Hall could make informed decisions about the probate matter and about Attorney Shafran's conduct. Attorney Shafran's conduct violates Rule 1.4 (Communication).

6.   Disciplinary Counsel has agreed to recommend that Attorney Shafran be ordered by the Statewide Grievance Committee to pay restitution to Mr. Hall in the amount of $7,500.00, $2,500 of this amount to be paid on the date this agreement is signed, and the remaining $5,000 to be paid by June 30, 2006.

7.   Disciplinary Counsel and Attorney Shafran have further agreed that both Attorney Shafran and his legal staff will participate in CLE courses in probate law and legal ethics to be completed within four months of the date this agreement is approved. Each course must be at least three hours long. Further, Attorney Shafran shall be required to obtain the services of a legal management consultant within four months of the date this agreement is approved to consult with Attorney Shafran on how to improve his law practice management procedures to ensure that he is appropriately and timely responding to client inquiries and meeting deadlines related to the legal matters he is handling. Attorney Shafran must submit an affidavit to Disciplinary Counsel confirming he and his staff have completed the required CLE courses within 45 days of taking such courses. Similarly, Attorney Shafran must submit an affidavit confirming his retention of a legal management consultant with 45 days of that retention.

8.   Mr. Hall has been advised of this Conditional Admission and Affidavit, and will be afforded an opportunity to be heard on the issue of discipline before the Committee.

WHEREFORE, this matter is submitted to this Committee for the imposition of appropriate disposition in accordance with Practice Book § 2-82 (a).

Office of Disciplinary Counsel

4/7/04
Date

By: _____
Mark Dubois
Chief Disciplinary Counsel

By:   Respondent

4/24/06
Date

_____
Attorney Peter W. Shafran

Office of the Chief Disciplinary Counsel
100 Washington St.
Hartford, CT  06106
Tel: 860-706-5055 Fax: 860-706-5063

## AFFIDAVIT OF RESPONDENT

STATE OF CONNECTICUT)
                  ss.   *Stamford*
COUNTY OF *FAIRFIELD*   )

        I am over the age of 18 and believe in the obligation of an oath. Pursuant to Practice Book §2-82, I make the following affidavit:

1. The Conditional Admission and Agreement as to Disposition attached hereto and made a part hereof are voluntarily submitted.

2. I herein consent to the submission of this matter to the Statewide Grievance Committee for disposition pursuant to Connecticut Practice Book §2-82(a).

3. I am aware that I have a right to a full hearing on this matter with the assistance of an attorney and I waive that right by entering into this agreement.

4. I have been neither subject to coercion nor duress and I am fully aware of the implications of this Affidavit and Conditional Admission and Agreement as to Disposition.

5. I am aware of the current proceeding regarding my alleged violation of Rules of Professional Conduct 1.3 (Diligence), 1.4 (Communication), 1.15 (Safekeeping of Property), 1.16 (Termination of Representation), as they specifically relate to my representation of Mr. Hall.

6. I agree that I violated Rule 1.4 (Communication) in that I failed to return Mr. Hall's phone calls and faxed letters, or otherwise keep him informed of the status of the probate of the Estate of Carol Hall and the status of my activities on his behalf.

7. I agree and understand that the Disciplinary Counsel is recommending that in lieu of reprimand, I be ordered by the Statewide Grievance Committee to pay restitution to Mr. Hall in the amount of $7,500, $2,500 of this amount to be paid by the date this agreement is signed, and the remaining $5,000 to be paid by June 30, 2006, and that I and my legal staff complete CLE courses in probate law and legal ethics by four months from the date this agreement is approved, submitting an affidavit as to the completion of these events within 45 days of having taken these courses. I understand and agree that each of the CLE courses must be at least three hours duration.

Office of the Chief Disciplinary Counsel
100 Washington St.
Hartford, CT 06106
Tel: 860-706-5055 Fax: 860-706-5063

8.  I agree to obtain the services of a legal management consultant within four months of the date this affidavit is approved. This consultant will be retained to advise me on how to improve my law practice management procedures to ensure that I appropriately and timely respond to client inquiries and meet deadlines related to the legal matters I am handling. I agree to submit an affidavit confirming this retention of a legal management consultant with 45 days of that retention.

_____

ATTORNEY PETER W. SHAFRAN

Subscribed and sworn to before me

this 27th day of April, 2006.

_____
Notary Public  Laura C. Della Jacono
Commissioner of the Superior Court

Office of the Chief Disciplinary Counsel
100 Washington St.
Hartford, CT  06106
Tel: 860-706-5055 Fax: 860-706-5063

| | | |
|---|---|---|
| **CV 11-** | : | **CASE TYPE M63** |
| **DISCIPLINARY COUNSEL** | : | **SUPERIOR COURT** |
| **V.** | : | **J.D. STAMFORD/NORWALK**<br>**AT STAMFORD** |
| **PETER W. SHAFRAN** | : | |

## SUMMONS

**To Any Proper Officer:**

By the authority of the State of Connecticut, you are hereby commanded to summon Peter W. Shafran, to appear before the Superior Court in and for the Judicial District of Stamford/Norwalk, 123 Hoyt Street, CT , Room _____ on the _____ day of _____, 2011 at _____ o'clock AM/PM, then and there to answer unto the foregoing Presentment Complaint, by serving the Respondent, Peter W. Shafran, in hand or at his place of business at 733 Summer Street, Suite 203, Stamford, CT 06901, a true and attested copy of the Presentment of Attorney Complaint, Order for Hearing and Notice, and this Summons, on or before the _____ day of _____, 2011 (service costs to be paid for by the Judicial Branch).

Hereof fail not, but due service and return make.

Dated at Stamford, Connecticut this _____ day of _____, 2011.

By the Court,

_____

JUDGE